UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARCO ANTONIO CORRALES-PATINO,

                Plaintiff,

– against –

PROCIDA CONSTRUCTION CORP., DRAPER FAMILY HOUSING DEVELOPMENT FUND CORPORATION, THE GILBERT ON FIRST LLC, GILBERT MIDDLE CONDO LLC, and ALVIN H. BUTZ, INC.,

        Defendants and Third-Party Plaintiffs,

– against –

SPRING SCAFFOLDING LLC.,

                Third-Party Defendant.

**OPINION AND ORDER**

19 Civ. 5579 (ER)

Ramos, D.J.:

    Marco Antonio Corrales-Patino ("Corrales") was injured on January 16, 2018 while working on a construction project in Manhattan. Corrales was unloading materials from a flatbed truck when he fell off the truck to the ground below, causing serious permanent injuries. Doc. 23. The Court issued an opinion on November 15, 2021 which, in part, denied Corrales' partial motion for summary judgment on his claim under New York Labor Law § 240(1). Corrales now moves for reconsideration of that motion. Doc. 135. For the reasons set forth below, the motion is DENIED.

    **I.    BACKGROUND**

    The Court assumes familiarity with the facts of this case and its procedural history, as set forth in the November 15, 2021 Opinion and Order. Doc. 134. In that Opinion, the Court found

that there was a material issue of fact as to the height of the materials, if any, that Corrales was standing on when he fell off the flatbed truck. *Id.* at 13. If Corrales was standing on the stable surface of the flatbed truck as opposed to standing on unstable elevated stacked materials loaded on the truck, Section 240(1) is not implicated as there would be no elevation-related risks. *See Toefer v. Long Island R.R.*, 4 N.Y.3d 399, 408 (N.Y. 2005). In contrast to Corrales' testimony that he was up to 12 feet above the ground, Spring Scaffolding and Defendants presented evidence that Corrales was standing on either the bed of the truck itself or on a gate on the flatbed solely at a height of only four feet and two and a half inches above the ground. *See* Doc. 94-17 (Corrales incident report explaining that he "slipped");[1] Doc. 92-11 at 47:4–14 (Lopez testimony that the materials in the truck rose only to four feet and two and a half inches above the ground). Therefore, the Court denied Corrales' motion for summary judgment on that claim, as the factual issue precluded the Court from determining whether Section 240(1) applied. Corrales moves for reconsideration of the portion of the opinion denying his motion for summary judgment on his NYLL Section 240(1) claim.

## II.  LEGAL STANDARD

Motions for reconsideration are governed by Local Civil Rule 6.3 and Rule 60(b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 60(b). The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted) (addressing a Rule 59 motion). "A motion for reconsideration should be granted only when the [party] identifies an

---

[1] Corrales' incident report is written in Spanish and states that "llego un momento que me quede sin espacio en el truck y resbalé," which translates to "there came a time when I ran out of space in the truck and slipped." It does not mention standing on top of any materials.

intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and internal quotation marks omitted); *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys*, 684 F.3d at 52 (citation omitted). The decision to grant or deny the motion for reconsideration is within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009).

### III. DISCUSSION

#### 1. Procedure

As an initial matter, Spring Scaffolding argues that Corrales' motion is procedurally improper. Corrales moved for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3. Doc. 135. Federal Rule 59(e) deals with motions to alter or amend a judgment after trials. As there has been no trial in this action, Rule 59(e) is clearly inapplicable. The Court will assume that Corrales intended to refer to Federal Rule 60(b), which governs motions for reconsideration as explained above. Local Civil Rule 6.3 properly refers to motions for reconsideration of a court order. It states that such motions must be served within fourteen days of entry of the Court's order. As Corrales moved for reconsideration nine days after the Court's order, the motion is procedurally proper.

#### 2. Substantive Arguments

Corrales argues that his motion properly established that there was no dispute as to the fact that he was standing on unstable materials in the bed of the truck, thereby implicating

Section 240(1)'s protection for elevation-related risks.[2] In particular, Corrales takes issue with the Court crediting Spring Scaffolding's evidence that Corrales' incident report stated solely that he slipped and does not mention standing on top of any materials. Corrales argues that since the statement does not directly contradict his later testimony, it does not raise an issue of fact. He does not provide new evidence. Instead, he cites several cases in support, none of which reflect intervening changes of controlling law. *See, e.g.*, *Rom v. Eurostruct, Inc.*, 71 N.Y.S.3d 57 (N.Y. App. Div. 2018) (holding that unsworn accident report from coworker that plaintiff lost his balance and fell did not contradict plaintiff's consistent testimony that he fell because the ladder suddenly moved); *Ellerbe v. Port Auth. of New York & New Jersey*, 936 N.Y.S.2d 39 (N.Y. App. Div. 2012) (finding that the lower court correctly denied plaintiff's motion for summary judgment because the site safety manager testified that plaintiff told him after that fall that he lost his footing, an account that contradicted the plaintiff's later account); *Buckley v. J.A. Jones/GMO*, 832 N.Y.S.2d 560 (N.Y. App. Div. 2007) (finding that the lower court correctly denied plaintiff's motion for summary judgment because an incident report contradicted the plaintiff's testimony as to how the fall occurred); *Hill v. City of New York*, 35 N.Y.S.3d 307 (N.Y. App. Div. 2016) (finding no inconsistency between plaintiff's account that he lost his balance and fell versus his testimony that he fell after the ladder wobbled); *Nunez v. City of New York*, 954 N.Y.S.2d 163 (N.Y. App. Div. 2012) (finding that the lower court erred in granting plaintiff's motion for summary judgment where coworkers' incident reports contradicted plaintiff's account of the fall).

---

[2] While Corrales does not explicitly state as much, the Court takes his argument to be that the Court's previous order made a "clear error" as to the Section 240(1) holding. *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013). There is thus a reasonable basis for the motion, and Defendants' request for sanctions is denied. *See W.K. Webster & Co. v. Am. President Lines, Ltd.*, 32 F.3d 665, 670 (2d Cir. 1994).

Each of these cases is distinguishable or does not support Corrales' position. *Rom* is distinguishable from the instant case, since here it is Corrales himself whose testimony is entirely inconsistent—in the incident report he reports that he ran out of room in the truck and slipped, whereas later during deposition testimony, he reports standing on top of and falling from materials up to 12 feet in the air. His two descriptions of the incident are not consistent, as were the descriptions in *Hill*. 35 N.Y.S.3d 307. Corrales' facts are more similar to *Ellerbe*, where the plaintiff's later testimony contradicted his earlier account of the incident as reported to the site safety manager. 936 N.Y.S.2d 39. It is also similar to *Buckley* and *Nunez*, wherein incident reports from other employees contradicted the plaintiff's account. 832 N.Y.S.2d 560; 954 N.Y.S.2d 163.

Corrales lastly relies on *Lin v. 100 Wall St. Prop. L.L.C.*, 148 N.Y.S.3d 71 (N.Y. App. Div. 2021). In *Lin*, the court held that the plaintiff was entitled to summary judgment under Section 240(1) despite defendants' arguments that the plaintiff provided inconsistent statements about the fall. Shortly after the fall, plaintiff stated to his supervisor that he fell because he lost his balance. *Id.* Later while testifying at his deposition, he gave a more detailed account of how he lost his balance and fell from the ladder after it moved. *Id.* The court held that the statements were not inconsistent simply because "he gave a more detailed description . . . at his deposition, as compared to his terse statement to his supervisor immediately after his fall." *Id.* However, again, the instant case is distinguishable. Corrales' accounts are not merely a terse statement followed by a subsequent more detailed description. They are in fact inconsistent, as running out of space and slipping is vastly different from falling from 12 feet atop unstable materials.

Accordingly, the issue of fact remains and there is no intervening law, new evidence, clear error, or manifest injustice warranting reconsideration.[3]

IV. CONCLUSION

For these reasons, Corrales' motion is DENIED. The Clerk of Court is respectfully directed to terminate the motion, Doc. 135.

SO ORDERED.

Dated: August 11, 2022
New York, New York

Edgardo Ramos, U.S.D.J.

---

[3] Even if Corrales' account in the incident report was not inconsistent, a fall from a height of four feet and two and a half inches, as alleged by Lopez, is not a sufficient height to invoke Section 240(1), which applies only to elevation-related risks. *See Toefer v. Long Island R.R.*, 828 N.E.2d 614 (N.Y. 2005) ("A four-to-five-foot descent from a flatbed trailer or similar surface does not present the sort of elevation-related risk that triggers Labor Law § 240(1)'s coverage."). This is the case even if Corrales was standing on top of the gate, as there is no allegation that the gate was not "a large and stable surface," *id.*, and there is indeed testimony that the gate was tied down to the flatbed. Doc. 92-11 at 51:14–52:24. Accordingly, a material issue of fact would still exist between Lopez's and Corrales' account.